# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-1032V
Filed: August 4, 2021
UNPUBLISHED

| | |
|---|---|
| EVONNE CALLAGHAN, on behalf of K.B., <br><br> Petitioner, <br> v. <br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Master Horner <br><br> Petitioner's Motion for Decision Dismissing Petition; Hepatitis A (Hep A) vaccine; Human Papilloma Virus (HPV) vaccine; dysautonomia; Postural Orthostatic Hypertension (POTS) |

*Anthony James Bucher*, Gatlin Voelker, PLLC, Covington, KY, for petitioner.
*Ida Nassar*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On July 17, 2019, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), on behalf of her minor daughter, K.B. (ECF No. 1.) Petitioner alleged that K.B. suffered postural orthostatic tachycardia syndrome and neuropathic pain symptoms as the result of her June 28, 2018 Human Papilloma Virus ("HPV") and/or Hepatitis A vaccinations. (ECF No. 1.) On November 13, 2019, respondent filed his Rule 4 report, recommending against compensation. (ECF No. 12.) Following a round of expert reports, (*see* ECF Nos. 21-24, 31-34), I held a Rule 5 conference where I explained based on prior Program experience that:

> A significant body of literature exists that explores whether POTS may be autoimmune and, if so, whether it can be caused by the HPV vaccine. So far, it has not appeared as though that research has borne out either of

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

> these hypotheses. Upon my preliminary review, it did not appear that Dr. Henrickson was raising any novel theory of causation. Accordingly, if Dr. Henrickson is to file a supplemental report, it will need to continue to address the core issues of the state of this area of research. Without more, expounding on peripheral areas of disagreement with respondent's experts will be unlikely to resolve the case.

(ECF No. 35, pp. 1-2.) Petitioner's counsel requested time to confer with his client. On August 3, 2021, petitioner filed a Motion for a Decision Dismissing her Petition. (ECF No. 37.) Petitioner indicated that "[a]n investigation of the facts and science supporting her case has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program," and that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent and Vaccine Program." (*Id.* at 1.) Petitioner further stated that she "understands that a decision by the Special Master dismissing her petition will result in a judgment against her. [Petitioner] has been advised that such a judgment will end all of her rights in the Vaccine Program. Petitioner understands that she may apply for costs once her case is dismissed and judgment is entered against her." (*Id.* at 1.)

     To receive compensation in the Vaccine Program, petitioner must prove either (1) that she suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that she suffered an injury that was actually caused by a covered vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). To satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005). The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on her allegations unsubstantiated by medical records or medical opinion.

     Neither K.B.'s medical records nor the expert report filed by petitioner support petitioner's allegations by a preponderance of the evidence. Moreover, respondent filed competing expert reports rebutting petitioner's claim. Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**. The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.